| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202 | <br><br>DATE FILED<br>March 31, 2026 4:17 PM<br>FILING ID: 8B33C614ACA8A<br>CASE NUMBER: 2026CV31153 |
| Plaintiff:<br><br>**SHAWN LANDSMAN,**<br><br>v.<br><br>Defendant:<br><br>**ROOT INSURANCE COMPANY** | <br><br><br><br>▲ **COURT USE ONLY**<br>▲ |
| Attorney for Plaintiff:<br>**ZINDA LAW GROUP, PLLC**<br>Cole Gumm, #54485<br>7801 N. Capital of Texas Hwy, Suite 300<br>Austin, Texas 78731<br>Telephone: (512) 246-2224<br>Facsimile: (512) 580-4252<br>**Service of Documents:** service@zdfirm.com | Case Number:<br>Division:<br>Courtroom: |
| **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND** | |

Plaintiff, Shawn Landsman ("Plaintiff"), by and through undersigned counsel, comes before this Court to allege the following:

## INTRODUCTION

1.    Plaintiff files this action to recover for harms and losses he suffered resulting from a motor vehicle collision that occurred on or about April 5, 2021.

## PARTIES

2.    Plaintiff is a natural person and citizen of the State of Colorado, residing at 6297 S. Claremont Court, Littleton, CO 80121.

3.    Defendant, Root Insurance Company ("Defendant"), is an insurance company that does business in the State of Colorado, including within Denver County. Defendant may be served with process by serving its registered agent, Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

4.      Venue and jurisdiction are proper in Denver County, State of Colorado pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

5.      On December 6, 2024, Plaintiff was driving a 2017 Audi A3 and traveling northbound on Interstate 25 in Denver, Colorado.

6.      At all times relevant herein, Plaintiff was acting with due and reasonable care and in compliance with all applicable traffic laws and regulations.

7.      At the same time, Courtney Russell ("Ms. Russell"), the underinsured motorist responsible for the collision, was driving a 2018 Mitsubishi Outlander in the same direction.

8.      Ms. Russell merged when unsafe into Plaintiff's lane of travel and struck his vehicle, causing the collision.

9.      After striking Plaintiff's vehicle, Ms. Russell lost control of her vehicle and collided with the freeway barrier wall.

10.     Ms. Russell caused the collision by failing to maintain her lane, failing to keep a proper lookout, failing to ensure that her lane change could be made safely, and failing to exercise reasonable care while operating her vehicle.

11.     As a direct and proximate result of the collision, Plaintiff suffered severe harms and losses.

12.     The Underinsured Driver had an automobile liability policy with Progressive Insurance Company that included bodily injury coverage totaling $30,000.00 per person, $60,000.00 aggregate per incident.

13.     The Underinsured Driver's liability policy did not fully cover the extent of Plaintiff's damages caused by the subject incident.

14.     As a result, Ms. Russell was an underinsured motorist at the time of the collision.

15.     Prior to the subject collision, Defendant had delivered and/or issued for delivery an auto insurance policy, believed to be Policy No. 7QBMKL, insuring Plaintiff and the vehicle he was driving at the time of the collision.

16.     The policy included underinsured motorist ("UIM") coverage to Plaintiff with UIM bodily injury limits totaling $50,000.00 per person, $100,000.00 aggregate per incident.

17.     On August 26, 2025, Plaintiff submitted a written claim with supporting documentation for UM/UIM benefits to Defendant for payment of the benefits owed under the

policy.

18.     On September 15, 2025, Defendant presented a settlement offer of $4,730.50.

19.     Plaintiff continued to suffer from pain and injuries from this crash.

20.     Plaintiff continued to treat for his pain and injuries from this crash.

21.     On December 29, 2025, Plaintiff submitted a supplemental demand with additional medical billing and records from his pain management provider that detailed Plaintiff's ongoing medical treatment.

22.     On January 27, 2026, Defendant presented a settlement offer of $16,000.00.

23.     As detailed above and in the supporting documentation, Defendant has delayed, denied, and/or refused to properly investigate or evaluate the information/evidence provided to it by Plaintiff and provide benefits due under the contract.

24.     Defendant has refused to pay Plaintiff's claims promptly.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract by Defendant)

25.     Plaintiff incorporates all allegations contained in this Complaint as if re-alleged herein verbatim.

26.     Plaintiff had permission to drive the vehicle and is entitled to UIM benefits from Defendant as a result of the collision with an underinsured motorist.

27.     Plaintiff submitted a claim to Defendant for payment of UIM benefits.

28.     Plaintiff had performed the duties that were required and not excused under the contract at the time of Defendant's breach.

29.     At all times relevant to this action, Defendant owed Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

30.     Defendant refused to pay the reasonable UIM benefits owed to Plaintiff under the contract.

31.     As a direct and foreseeable result of Defendant's breach of the contract, Plaintiff has suffered direct and consequential damages in the amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Unreasonable Delay/Denial Under C.R.S. § 10-3-1115 and § 10-3-1116)

32.     Plaintiff incorporates all allegations contained in this Complaint as if re-alleged herein verbatim.

33.     Plaintiff is a first party claimant under C.R.S. § 10-3-1115 in this UIM claim.

34.     Defendant, as an entity engaged in the business of insurance, unreasonably delayed and/or denied payment of Plaintiff's claim for benefits. Defendant had no reasonable basis for its delay and/or denial of payment.

35.     Defendant's actions and/or violations entitle Plaintiff to bring this action to recover two times the covered UIM benefits and reasonable attorney fees and court costs pursuant to C.R.S. § 10-3-1116.

## THIRD CLAIM FOR RELIEF
### (Bad Faith)

36.     Plaintiff incorporates all allegations contained in this Complaint as if re-alleged herein verbatim.

37.     At all times relevant, Defendant owed Plaintiff duties of good faith and fair dealing pursuant to C.R.S. §§ 10-1-101 and 10-3-1113.

38.     Defendant breached its duties to Plaintiff by unreasonably denying and/or otherwise unreasonably delaying full payment of UIM benefits owed under Plaintiff's UIM claim.

39.     Defendant had knowledge that its above-referenced conduct or position was unreasonable and/or Defendant acted in reckless disregard of whether its conduct or position was unreasonable.

40.     Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard to act reasonably upon communications with respect to claims arising under the Policy, including Plaintiff's request for payment of benefits under Plaintiff's UIM claim, contrary to C.R.S. § 10-3-1104(h).

41.     Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's UIM Claim when liability relative to that claim was reasonably clear, contrary to C.R.S. § 10-3-1104(h).

42.     Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard when it compelled Plaintiff to institute litigation to recover amounts due under the Policy, and in particular Plaintiff's UIM benefits owed and unpaid under the Policy, contrary to C.R.S. § 10-3-1104(h).

43.     Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by refusing to pay all benefits owed under Plaintiff's above UIM claim without a reasonable investigation based upon all available information, contrary to C.R.S. § 10-3-1104(h).

44.     Defendant intentionally, knowingly, willfully, unreasonably and/or with reckless disregard violated or otherwise failed to comply with an insurance industry standard when it refused to promptly provide Plaintiff a reasonable explanation of the basis in the Policy, the facts or applicable law for its denial of his UIM claim, contrary to C.R.S. § 10-3-1104(h).

45.     As a direct and proximate cause and result of Defendant's above knowing or with reckless disregard unreasonable conduct and/or its above violations, Plaintiff has suffered economic damages and losses, including but not limited to unpaid UIM benefits, and non-economic damages and losses, including but not limited to emotional stress and inconvenience.

## FOURTH CLAIM FOR RELIEF
### (Claim for Benefits under C.R.S. § 10-4-609)

46.     Plaintiff incorporates all allegations contained in this Complaint as if re-alleged herein verbatim.

47.     Plaintiff was insured up to $50,000.00 per person through his UIM policy with Defendant, and in accordance with Colorado's UIM statute, C.R.S. § 10-4-609.

48.     As set forth under C.R.S. § 10-4-609(1)(a), UIM coverage shall be in addition to any legal liability coverage and shall cover the difference, if any, between the amount of the limits of any legal liability coverage and the amount of the damages sustained, excluding exemplary damages, up to the maximum amount of the coverage obtained pursuant to this section.

49.     The purpose of the underinsured motorist coverage mandated by C.R.S. § 10-4-609 is to compensate an insured for loss, subject to the insured's policy limits, caused by negligent and financially irresponsible motorists.

50.     After performing the duties that were required under the insured contract, Plaintiff submitted a request for evaluation of his UIM claim to Defendant.

51.     The Defendant has refused to pay the total reasonable underinsured motorist benefits owed to Plaintiff under the contract.

52.     As a direct and foreseeable result of Defendant's refusal to pay Plaintiff's reasonable underinsured motorist benefits under his UIM coverage, Plaintiff has suffered direct and consequential damages in the amount to be proven at trial.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

(a) For all losses and damages allowed by law, in an amount to be proven at trial sufficient to make him whole according to proof, and specifically including, without limitation, general and special damages for physical injuries; physical impairment; physical pain and suffering; emotional pain and suffering; lost earnings capacity; past and future medical and other related expenses; disfigurement; and loss of enjoyment of life;

(b) Two times the amount of covered UIM benefits pursuant to C.R.S. § 10-3-1106;

(c) Plaintiff's reasonable attorney's fees and court costs pursuant to C.R.S. § 10-3-1106 and/or any such fees or costs as otherwise provided by law;

(d) For interest pursuant to law, and at the statutory rate of nine percent (9%) simple interest per annum pursuant to C.R.S. § 13-21-101 from the date of the accident to the date of filing this suit, and nine percent (9%) compound interest from the date of filing to the date of final judgment;

(e) For all awardable costs of suit, including expert witness fees and the fees of other professionals; and

(f) For all other and further relief as the Court deems just and proper and/or which may be allowed by applicable law.

Plaintiff demands a jury trial, and the jury fee is tendered herewith.

DATED this March 31, 2026.

Respectfully Submitted,

**ZINDA LAW GROUP, PLLC**
7801 N. Capital of Texas Highway, Suite 300
Austin, Texas 78731
Telephone: (512) 246-2224
Facsimile: (512) 580-4252
**Service of Documents: service@zdfirm.com**

By:  _/s/Cole Gumm_____
    Cole Gumm, #54485
    **ATTORNEY FOR PLAINTIFF**